UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff(s),<br><br>    v.<br><br>CHRISTOPHER BRENT BJARKE,<br><br>               Defendant(s). | CASE NO. CR25-0069-KKE<br><br>ORDER GRANTING UNOPPOSED MOTION FOR EARLY TERMINATION |

Defendant was charged in the Eastern District of Washington with one count of conspiracy to violate the anti-kickback statute, and he pleaded guilty. Dkt. No. 2 at 1–26. Defendant was sentenced to three months' imprisonment and a three-year term of probation. *Id*. at 28–29. Defendant moved to this District and the Court accepted probation jurisdiction in April 2025. Dkt. No. 1. Defendant now moves for early termination of his term of supervised release. Dkt. No. 5.

A district court has "broad discretion in determining whether to grant a motion to terminate supervised release." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). After considering a subset of the sentencing factors listed in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release after one year has expired "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]" 18 U.S.C. § 3583(e)(1). The sentencing factors relevant here are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to afford adequate deterrence to criminal conduct;

(3) the need to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the kinds of sentence and the sentencing range established for the category of offense and category of defendant; (6) any pertinent policy statement issued by the United States Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense. *Id*. A defendant requesting early termination of supervision bears the burden "to demonstrate that such a course of action is justified." *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006).

The Court finds that Defendant has met his burden to demonstrate that early termination of supervised release is justified. He has been entirely compliant with the conditions of his supervised release and timely satisfied his community service obligation. Dkt. No. 5 at 3. He has also satisfied his restitution obligation and paid his fine and special assessment. *Id*. He has surrendered his Washington license to practice medicine and has found gainful employment in another field. *Id*. at 3–4. Neither Defendant's Probation officer nor the Government's counsel in the underlying matter oppose Defendant's motion. *Id*. at 1–2. These circumstances lead the Court to find the continuing expenditure of government resources to supervise Defendant is unwarranted, and the Court therefore GRANTS Defendant's motion for early termination of supervised release.

Dated this 17th day of November, 2025.

Kymberly K. Evanson
United States District Judge